## ELISHA FULLER *vs.* ABRAHAM G. RANDALL & Trustees.

R. obtained money of S., giving him a receipt therefor, the form of which did not appear, and deposited the money in a bank in his own name, and to his own credit, and on the same day drew out, on his own check, a large portion thereof in bills of the bank, and made a subsequent deposit, in his own name, of bills of the bank, not shown to be the same bills. *Held,* that S. could not assert a title, as against subsequent attaching creditors of R., to the money last deposited, although R. was insane at the time of receiving and depositing the money; and that it could not be presumed in favor of S. that the receipt given him by R. was "in common form," especially after he had declined to produce it.

THE Millbury Bank, on whom, as trustees of Randall, this writ was served on the 4th of October 1852, filed an answer, charging themselves with a considerable amount of money deposited with them by Randall, in the course of business, in his own name. Randall was defaulted. Adams Smith appeared, and was admitted to prosecute his claim to the money so deposited. On a trial of his claim in the court of common pleas, before *Mellen,* J. there was evidence tending to prove the following facts :·

Early in the morning of the 28th of September 1852, Randall, who had little or no money or bills in his possession previously, received of Smith a large amount of bills, and gave a receipt in some form therefor; and about nine o'clock the same morning, deposited in the Millbury Bank, to his own credit and in his own name, $3,120 in bills of various denominations, and issued by various other banks. During the same forenoon, Randall drew out of the Millbury Bank by a check, signed by himself, and payable to himself or bearer, $3,000 in bills of said bank; and in the afternoon of the same day deposited in said bank $1,190 in bills of said bank, of corresponding denominations to those drawn by him on his check in the forenoon, but which were not identified with those. The claimant introduced evidence tending to show that Randall was insane for some time previous to said 28th of September, and for a long time thereafter; but the plaintiff contended that his insanity, if any, was not of a character and extent to render his acts void, and offered evidence of acts and business transactions on his part, tending

Fuller v. Randall & trustees.

to show that he was of sound mind, or so much so as to rendei his act valid. Notice was given to the claimant, to produce the receipt, if any, given him for the money delivered by him to Randall ; but he declined to produce it.

The plaintiff requested the judge to give the jury the following instructions : 1st. That if Randall did receive said money from Smith, for the purpose of investing the same or otherwise for Smith, Randall acting merely as agent, yet the bills deposited by Randall in the afternoon, not being the same money or bills delivered to him by Smith, Smith could not prevail in this action. 2d. That if Smith delivered said money to Randall, Randall, having deposited said money in his own name and to his own credit in the bank, without notice to the bank or its officers that Smith was or claimed to be the owner of the money, had converted the same to his own use, and Smith could not prevail in this action. 3d. That if Randall knew the nature of the act which he was performing, and was fully aware of the consequences, his acts were such as would bind him and those for whom he acted. 4th. That the presumption of law was, that if Randall gave Smith a receipt for said money, the receipt was in common form ; and the burden of proof was upon the claimant to show that there was any restriction, limitation or agreement, contained in or forming a part of the receipt, so that the same would not be an accountable receipt, and a bar to this action.

The judge declined to give these instructions : and instructed the jury, that the burden of proof was on the claimants to show that the bills so deposited by Randall were the property of Smith ; that if the bills were delivered by Smith to Randall as his agent, under a contract by the terms of which the bills were to remain the property of Smith, they would continue to be Smith's property, though deposited by Randall in his own name, as there was no evidence that the plaintiff gave credit to Randall on the faith that the bills so deposited were the property of Randall ; and on the same hypothesis, the bills deposited by Randall in the afternoon would remain the property of Smith, provided they were the same bills drawn out by Randall in the

forenoon of the same day, or were the proceeds of those bills, obtained in exchange for those bills; and that this would be the law, whether Randall, at the time of receiving and depositing the bills, was sane, or so far insane as to be incapable of making a contract; and that the presumption of law, in the absence of any evidence of the terms of the receipt, was that it was in common form.

The jury returned a verdict for the claimant; and, upon inquiry, answered that they found that Randall, at the time of receiving the bills from Smith and of depositing them in the bank, was insane, and incapable of making a contract. The plaintiff alleged exceptions to the rulings of the judge.

*J. H. Mathews*, for the plaintiff.

*E. B. Stoddard*, for the claimant.

SHAW, C. J.* There is no doubt that the judge was correct in holding that the burden of proof was upon the defendant.

But we are of opinion that the judge erred in admitting parol evidence that a receipt was given by Randall to the claimant, without its production, especially when called for; and in directing the jury, that the presumption would be, in the absence of the receipt itself, that it was in common form. That receipt was given to the claimant himself; in theory of law, it was in his actual possession at the time. It was of vital importance to show the amount placed in the hands of Randall, the purpose for which it was so placed, and all other particulars of his dealing with Randall on that occasion. It constituted his very title deed to the money in controversy. For aught that appears in the evidence, it might have been money paid or lent to Randall, to be accounted for on demand or otherwise, or to be laid out at his discretion, or to be deposited in the bank, in his own name, either of which would make it Randall's money. It is a safe rule to hold, that if a party has material evidence in the case, in his own power, and wilfully withholds it, the strongest presumption may be made against him. The reason is, that he has only to produce the evidence, and show the truth, and rebut such presumption, if erroneous. We know of no

---

* THOMAS, J. did not sit in this case.

ground upon which a jury can presume, in the absence of proof, that a receipt is in common form, and what such common form is.

Upon the other part of the case, whether, if the property had remained in the bank under the first deposit, the claimant, on proving that the bills were his property, that they were placed in the hands of Randall, to be deposited in his name and for his use, and that, through mistake or abuse of his trust, Randall had deposited it in his own name, could have asserted a legal right to reclaim it, as against the bank, and holders of checks or attaching creditors, is a question of difficulty, and though somewhat discussed, a question on which we give no opinion. But after the money had been deposited in the name of Randall, and a large amount drawn out and paid to Randall on his own check, and Randall, in the afternoon, had made another deposit, of other bills, or bills not shown to be the same, and the claimant had given no notice then, or for a long time after, it was not competent for the claimant to assert title to this last deposit. In general, the title to money, and of course to bank notes taken and passed as current money, passes with the delivery, and he, who has possession, has *prima facie* evidence of property, and may give a good title to another by delivery. And it is highly important in the transaction of business, especially pecuniary dealings with banks, that it should be so. There may be some exceptions, but they are very limited.

In regard to the condition of Randall's mind, we do not think the finding of the jury, that he was not of capacity to make a contract, can affect the claims of these parties. The claimant dealt with him in the way of contract, took his receipt for the money upon some terms not proved, and put it in the power of Randall to deal and act with the money as if it was his own.

The judge having charged the jury, that the claimant might recover the amount of such after deposit, if they believed it to be the proceeds of the first bills deposited, the court are of opinion that this direction was not correct; and for this reason, and for the admission of parol proof of the receipt, and authorizing the jury to presume its contents, the verdict must be set aside and a                    *New trial ordered in this court.*